UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRANDEN PETERSON,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br>MICHEAL MINEV, et al.,<br><br>　　　　　　　　　Defendants. | Case No. 3:21-cv-00108-MMD-WGC<br><br>ORDER |

　　　　This action began with a *pro se* civil rights complaint filed under 42 U.S.C. § 1983 by Plaintiff Branden Peterson, a former state inmate. On September 23, 2021, the Court issued an order screening Peterson's first amended complaint (ECF No. 5 ("FAC")). (ECF No. 7.) The screening order dismissed the FAC with leave to amend and directed Peterson to file a second amended complaint within 30 days. (*Id.* at 8.) The 30-day period has now expired, and Peterson has not filed a second amended complaint or otherwise responded to the Court's order.

　　　　District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for

1 | failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the Court or prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his or her failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Peterson to file a second amended complaint within 30 days expressly stated: "It is further ordered that, if Peterson fails to file a second amended complaint curing the deficiencies outlined in this order, this action will be dismissed without prejudice." (ECF No. 7 at 8.) Thus, Peterson had adequate warning that dismissal would result from his noncompliance with the Court's order to file a second amended complaint within 30 days.

///

///

///

2

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff Branden Peterson's failure to file a second amended complaint in compliance with this Court's September 23, 2021 order.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 9th Day of November 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE